IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00997-WYD-KLM

DANIEL KEITH POWERS,

    Plaintiff,

v.

ALLSTATE MOTOR AND CASUALTY INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

THIS MATTER is before the Court on Plaintiff's *pro se* Motion to Remand to

State Court, filed May 17, 2010 [#8], his Amended Motion to Remand to State Court,

filed May 21, 2010 [#12], and his Motion to Remand for Lack of Diversity, filed May 28,

2010 [#13].  Defendant filed a Response to the Motion to Remand on May 21, 2010.

By way of background, I note that Plaintiff initiated this action with the filing of a

Civil Complaint in District Court in Denver County, Colorado, on March 31, 2010.  In the

Complaint, Plaintiff alleges that he purchased auto insurance from Defendant Allstate

Motor and Casualty Insurance Company ("Allstate"), and he seeks damages based on

allegations that Allstate unreasonably delayed and denied his claim for benefits under

the auto insurance policy in violation of C.R.S. § 10-3-1116 and various other state

statutes.  On April 30, 2010, Allstate filed a Notice of Removal of Civil Action asserting

that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  In his Motion to Remand,

Plaintiff contends that the case should be remanded to Denver District Court because complete diversity does not exist between the parties.

There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and courts are rigorously to enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). Defendant, as the party seeking removal, has the burden of proving that federal jurisdiction is proper. *Plog v. Colorado Ass'n of Soil Conservation Districts*, 841 F.Supp. 350, 352 (D.Colo.1993). For a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed $75,000 and the matter must be between citizens of different states. 28 U.S.C. § 1332(a). Courts consistently interpret the diversity statute to require complete diversity between the parties, meaning that no plaintiff and no defendant are citizens of the same state. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1988). For individuals, citizenship is determined by domicile. *Crowley v. Glax*, 710 F.2d 676, 678 (10th Cir. 1983). A corporation, however, is deemed to be a citizen of any State in which it has been incorporated and, if different, the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). However, "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business." *Id.* This provision is know as the "direct action exception."

Here, in the Notice of Removal Allstate contends that at all times relevant to this action, Plaintiff was a resident of the State of Colorado, and Allstate was an Illinois corporation with its principal place of business in the State of Illinois. Allstate further asserts that this action involves an amount in controversy in excess of $75,000.00. Plaintiff admits that he is a citizen of Colorado and that the amount in controversy is satisfied, but contends that pursuant to the "direct action exception," Allstate should be considered a citizen of Colorado. Plaintiff also contends that his insurance contract with Allstate states that all litigation should take place in Colorado, and that this fact further supports his argument that Denver District Court has jurisdiction over this case.

In response Allstate asserts that the "direct action exception" does not apply in Colorado in cases brought by an insured against its own insurer. I agree with Allstate that the direct action exception is not applicable in this case. The overwhelming weight of authority, including several cases from this District Court and the Tenth Circuit, hold that actions by an insured against *his or her own insurer* are not direct actions within the meaning of § 1332(c)(1). *See Henry v. Wausau Business Ins. Co.,* 351 F.3d 710, 713 (6th Cir. 2003); *McGlinchey v. Hartford Acc. and Indem. Co.,* 866 F.2d 651, 652-53 (3rd Cir. 1989); *Tuck v. United States Auto Ass'n,* 859 F.2d 842, 847 (10th Cir.1988), *cert. denied,* 489 U.S. 1080 (1989); *Long v. St. Paul Fire and Marine Ins. Co.,* 423 F.Supp.2d 1219, 1223 (D. Kan. April 6, 2006); *Antonacci v. State Farm Mut. Auto. Ins. Co.,* 2006 WL 568344, at *1 (E.D. Mo.2006); *Irvin v. Allstate Ins. Co.,* 436 F.Supp. 575, 576-77 (D. Okl.1977); *Adams v. State Farm Mut. Automobile Ins. Co.,* 313 F.Supp. 1349, 1351-52 (N.D. Miss. 1970); *Inman v. MFA Mut. Ins. Co.,* 264 F.Supp. 727, 728 (E.D. Ark. 1967);

*see also Fleming v. Allstate Ins. Co.,* 709 F.Supp. 216, 217 (D. Colo. 1989); *Master v. Allstate Ins. Co.,* 2006 WL 1041702 (D. Colo. 2006); *Julius v. Metropolitan Cas. Ins. Co.*, 2008 WL 1806134 (D. Colo. 2008).

These cases hold that § 1332(c)(1) is limited "to situations where the insurer's status is that of a 'payor of a judgment based on the negligence of one of its own insureds.'" *See Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 674 (2d Cir. 1992) (quotations omitted). This is because the purpose of § 1332(c)(1) is to restrict federal diversity jurisdiction in situations where state law authorizes a direct tort action by a third-party, injured by an insured tortfeasor, against the insured's insurance company and the insured is not a party. *See Fleming*, 709 F.Supp. at 217 (citing *Ford Motor Co. v. Insurance Co. of North America*, 669 F.2d 421, 424-25 (6th Cir. 1982)). Here, Allstate is not being sued as the tortfeasor's insurer; rather, Plaintiff is suing his own insurer for alleged denial of his claim for benefits. I find that this is not a direct action within the meaning of § 1332(c)(1). *See Tuck*, 859 F.2d at 847; *Master*, 2006 WL 1041702 at *2.

Finally, as to Plaintiff's contention that remand is appropriate pursuant to language in the insurance policy requiring that litigation take place in Colorado, I note that Plaintiff has not provided a copy of that agreement, making it impossible for me to fully consider this argument. In any event, I note that this Court, the District Court for the District of Colorado, is a court within the State of Colorado.

Based upon the foregoing, I find that Allstate has met its burden of showing that diversity jurisdiction exists, and that remand is not proper. Accordingly, it is

ORDERED that Plaintiff's *pro se* Motion to Remand to State Court, filed May 17,

2010 [#8], his Amended Motion to Remand to State Court, filed May 21, 2010 [#12], and

his Motion to Remand for Lack of Diversity, filed May 28, 2010 [#13] are **DENIED**.

     Dated:  June 7, 2010

                            BY THE COURT:


                            s/ Wiley Y. Daniel
                            Wiley Y. Daniel
                            Chief United States District Judge